IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KYLE DOUGLAS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 11-2682-CM-KGG |
| OVERLAND PARK JEEP, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's "Motion for a Protective Order to Delay the Production of Certain Audio Tapes." (Doc. 7.) Plaintiff's motion requests that the production of audio tapes of Plaintiff's conversations with certain of Defendant's employees be delayed until after these individuals are deposed "to insure their candid, truthful, and unrehearsed testimony." (*Id*.) After reviewing the parties' submissions, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

Plaintiff filed the present action alleging federal court causes of action for sexual harassment and retaliation as well as a Kansas common law claim for

1

wrongful termination. (Doc. 1.) At issue are audiotapes of conversations Plaintiff had with certain management employees in which Plaintiff raised complaints about the sexual harassment he alleges he was experiencing. (Doc. 7, at 2.) Plaintiff contends that Defendant made representations to the EEOC and the Kansas Department of Labor – as well as factual statements in its federal court Answer – that are contradictory to what is included on the audiotapes.

## **DISCUSSION**

Plaintiff does not contend that the recorded conversations at issue are not discoverable. (*See* Doc. 7, at 5.) Rather, Plaintiff argues that the statements are not required to be "produced immediately upon demand." (*Id*.) He seeks a Protective Order delaying production of the audiotapes at issue "until after the depositions of the declarants." (*Id*., at 10.)

Fed.R.Civ.P. 26(c)(1) provides that a party from whom discovery is sought may move for a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . "[1] Upon a showing of "good cause," a court may, among other remedies, specify "he terms, including the

---

[1] The Court notes that none of these bases for entering a Protective Order – annoyance, embarrassment, oppression or undue burden or expense – appear to be present here, nor has Plaintiff argued that they are. Defendant has not raised this argument, however. As such, the Court will rule on the substantive arguments presented by the parties.

time and place, for the disclosure or discovery." *Id*.

In order to establish the requisite "good cause," Plaintiff sets forth the basis of "promot[ing] truthful testimony" by Defendant's employees. (Doc. 7, at 5.) This, however, seems to be in direct contravention of the substance of Plaintiff's brief in which he states that the substance of the previous representations by Defendant's employees "are all directly refuted by the recordings." (*Id*., at 4.) If Plaintiff is concerned with obtaining "truthful testimony" from Defendant's employees and these very individuals, without benefit of listening to the audio recordings, have indeed been "fabricating" or "tailoring" their version of events, the Court is at a loss to see how withholding the audiotapes until after their depositions would *promote* "truthful testimony."  To the contrary, it would appear that Plaintiff's motivation for withholding the tapes is to bait these witnesses into untruthful testimony.  Delaying production under these circumstances would be manifestly unfair to the witnesses.

Even assuming this is an appropriate basis to withhold the tapes, the Court finds this to be unnecessary.  Plaintiff indicates that Defendant has already "made written misrepresentations" to the EEOC, the Kansas Department of Labor and this Court in its Answer – "misrepresentations which are clearly and unequivocally exposed when read against the verbal statements made by its employees in earlier

3

conversations with [Plaintiff] prior to the termination of his employment." (Doc. 7, at 7.)  Assuming Plaintiff's analysis of Defendant's statements to be correct, the sought-after misrepresentations have already been memorialized.

Considering the above and forgoing, the Court finds that Plaintiff has not demonstrated good cause for the entry of the requested Protective Order.  Plaintiff does not dispute the discoverability of the audiotapes at issue nor does he argue that Defendant's request for the tapes is somehow improper.  Plaintiff's motion is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order (Doc. 7) is **DENIED**.

Dated at Wichita, Kansas, on this 18th day of June, 2010.

           S/ KENNETH G. GALE
          KENNETH G. GALE
          United States Magistrate Judge